# EXHIBIT 1

20150330 00178237 158

RECEIVED
MAR 2 0 2015
BY: _____

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
### CIVIL DIVISION

### COVER SHEET

| Plaintiff(s) | CIVIL DIVISION |
|---|---|
| Lindsay M. Butela f/k/a Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland | **Case Number:** GD - 14 - 016255 |
| | **Type of pleading:** Complaint |
| | **Code and Classification:** |
| | **Filed on behalf of** Lindsay M. Butela and Maureen J. Dooley, Plaintiffs |
| Vs | (Name of the filing party) |
| Defendant(s) | ☑ Counsel of Record |
| National Collegiate Student Loan Trust 2006-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-2, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-3, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust, Wilmington Trust Company, as Owner Trustee, Edwin A. Abrahamsen & Associates, P.C., and NCO Financial Systems, Inc. | ☐ Individual, If Pro Se |
| | **Name, Address and Telephone Number:** Eugene D. Frank, Esquire US Steel Tower 600 Grant Street, Suite 660 Pittsburgh, PA 15219 (412) 366-4276 Office (412) 366-4305 Fax |
| | **Attorney's State ID:** 89862 |
| | **Attorney's Firm ID:** |

20150330 00178237 159

# IN THE COURT OF COMMON PLEAS OF
## ALLEGHENY COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| Lindsay M. Butela f/k/a  Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland, <br><br><br> Plaintiffs, <br><br> vs. <br><br> National Collegiate Student Loan Trust 2006-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-2, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-3, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust, Wilmington Trust Company, as Owner Trustee, Edwin A. Abrahamsen & Associates, P.C., and NCO Financial Systems, Inc., <br><br> Defendants. | Case No. GD-14-016255 |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
3rd Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555
www.acbalrs.org

IN THE COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| Lindsay M. Butela f/k/a Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland,<br><br>                Plaintiffs,<br><br>    vs.<br><br>National Collegiate Student Loan Trust 2006-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-2, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-3, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust, Wilmington Trust Company, as Owner Trustee, Edwin A. Abrahamsen & Associates, P.C., and NCO Financial Systems, Inc.,<br><br>                Defendants. | Case No. GD-14-016255 |

## COMPLAINT

AND NOW, come the Plaintiffs, Lindsay M. Butela f/k/a Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland, by and through their undersigned counsel, and file this Complaint, and in support thereof aver as follows:

### Jurisdiction and Venue

1.    Jurisdiction of this Court arises out of, but not limited to, the Defendants' violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §

2270.1, *et seq.* (hereinafter referred to as "FCEUA"), and/or Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (hereinafter referred to as "UTPCPL"), which prohibit creditors and/or debt collectors from engaging in harassing, abusive, false, deceptive, misleading and/or unfair debt collection practices.

2.      Defendants, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-4, Wilmington Trust Company, Transworld Systems, Inc. f/k/a NCO Financial Systems, Inc. and The Law Office of Abrahamsen Ratchford, P.C. f/k/a Edwin Abrahamsen & Associates, P.C. (hereinafter collectively referred to as "Defendants"), were engaged in the collection of consumer debts within the Commonwealth of Pennsylvania and venue is proper in Allegheny County, Pennsylvania pursuant to Pa. R.C.P. No. 2179(a)(2) and/or 2179(a)(3).   Defendants have filed and continue to file numerous collection actions in Allegheny County, Pennsylvania.

### Parties

3.      At all times mentioned herein, the Plaintiffs, Lindsay M. Butela f/k/a Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland (hereinafter referred to as "Plaintiffs"), were/are natural persons/consumers and were/are citizens of the Commonwealth of Pennsylvania.

4.      Defendant, National Collegiate Student Loan Trust 2006-1 ("NCSLT 2006-1"), is a Delaware statutory trust holding pooled private student loans for the benefit of investors in the trust.   NCSLT listed its address c/o NCO Financial Systems, Inc., 5100 Peachtree Industrial Blvd., Norcross, GA 30071.

5.    Defendant, National Collegiate Student Loan Trust 2006-2 ("NCSLT 2006-2"), is a Delaware statutory trust holding pooled private student loans for the benefit of investors in the trust. NCSLT listed its address c/o NCO Financial Systems, Inc., 5100 Peachtree Industrial Blvd., Norcross, GA 30071.

6.    Defendant, National Collegiate Student Loan Trust 2006-3 ("NCSLT 2006-3"), is a Delaware statutory trust holding pooled private student loans for the benefit of investors in the trust. NCSLT listed its address c/o NCO Financial Systems, Inc., 7595 Montevideo Rd. – Department 500, Jessup, MD 20794.

7.    Defendant, National Collegiate Student Loan Trust 2007-1 ("NCSLT 2007-1"), is a Delaware statutory trust holding pooled private student loans for the benefit of investors in the trust. NCSLT listed its address c/o NCO Financial Systems, Inc., 5100 Peachtree Industrial Blvd., Norcross, GA 30071.

8.    Defendant, National Collegiate Student Loan Trust 2007-4 ("NCSLT 2007-4"), is a Delaware statutory trust holding pooled private student loans for the benefit of investors in the trust. NCSLT listed its address c/o NCO Financial Systems, Inc., 5100 Peachtree Industrial Blvd., Norcross, GA 30071.

9.    Defendant, Wilmington Trust Company ("Wilmington"), is a Delaware corporation with a business address at Rodney Square North, 1100 N. Market Street, Wilmington, DE 19890 and its registered agent is listed as Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808. Wilmington is the owner trustee for the NCSLTs.

10.    Defendant, Transworld Systems, Inc. f/k/a NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation with an office located at 507 Prudential Road,

Horsham, PA 19044 and conducts business and/or attempts to collect delinquent consumer debts. At all relevant times, NCO alleges to be the custodian of records for the NCSLTs, acted as an agent for the NCSLTs and all of the Lawsuits were filed by NCSLTs c/o NCO. At all relevant times, NCO was attempting to collect delinquent consumer debts.

11.     Defendant, The Law Office of Abrahamsen Ratchford, P.C. f/k/a Edwin A. Abrahamsen & Associates, P.C. ("Abrahamsen"), is a Pennsylvania professional corporation with an office located at 120 N. Keyser Avenue, Scranton, PA 18504 and conducts business and/or attempts to collect delinquent consumer debts. At all relevant times, Abrahamsen was the law office used by the NCSLTs to file the Lawsuits and acted as an agent of the NCSLTs and/or NCO. At all relevant times, Abrahamsen was attempting to collect delinquent consumer debts.

12.     Defendants are "creditors" and/or "debt collectors" as defined in the FDCPA, FCEUA and/or UTPCPL and, at all times relevant herein, acted by and/or through their owners, managers, members, officers, shareholders, authorized representatives, partners, employees, agents, affiants, attorneys, affiliates and/or workmen.

13.     Defendants engage in collecting delinquent consumer debts and regularly use the mails and/or the telephone in an attempt to collect, directly or indirectly, delinquent consumer debts owed or due or allegedly owed or due to another.

### Factual Allegations

### Collection Lawsuit AR-13-004076

14.     On or about September 17, 2013, Defendant NCSLT 2006-3 commenced a civil action against Plaintiffs in an attempt to collect a consumer debt in the amount of

$5,790.71 plus costs of suit. The civil action was filed in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number AR-13-004076 ("Lawsuit 1").

15.    In response to Lawsuit 1, Plaintiffs retained an attorney and filed preliminary objections to the complaint.

16.    Thereafter, on November 1, 2013, the complaint filed in Lawsuit 1 was stricken by the Court as a result of the preliminary objections filed by Plaintiffs and NCSLT 2006-3 was granted leave to file an amended complaint within one-hundred twenty (120) days. The arbitration hearing scheduled for December 11, 2013 was continued generally as a result of the complaint being stricken. A true and correct copy of the Order of Court dated November 1, 2013 is attached hereto, incorporated herein and marked as Exhibit "1."

17.    Despite the complaint being stricken and the arbitration hearing being continued generally by court order, on January 27, 2014, NCSLT 2006-3 via NCO and/or Abrahamsen made the intentional business decision to improperly file a Praecipe to Reinstate Civil Complaint (the "Praecipe to Reinstate") in an attempt to collect the debt. A true and correct copy of the Praecipe to Reinstate is attached hereto, incorporated herein and marked as Exhibit "2."

18.    As a result of the Praecipe to Reinstate, a new arbitration hearing date was improperly set for March 3, 2014. NCSLT 2006-3 had not filed an amended complaint as of January 27, 2014.

19.    On March 3, 2014, NCSLT 2006-3 via NCO and/or Abrahamsen filed an amended complaint and thereafter Plaintiffs filed preliminary objections to the amended

complaint, which were sustained by the Court granting NCSLT 2006-3 thirty (30) days to file a second amended complaint.

20.    NCSLT 2006-3 elected to not file a second amended complaint and on April 22, 2014, Lawsuit 1 was dismissed with prejudice.

Collection Lawsuit AR-13-004923

21.    On or about October 24, 2013, Defendant NCSLT 2006-1 commenced a civil action against Plaintiffs in an attempt to collect a consumer debt in the amount of $3,477.37 plus costs of suit. The civil action was filed in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number AR-13-004923 ("Lawsuit 2").

22.    In response to Lawsuit 2, Plaintiffs retained an attorney and filed preliminary objections to the complaint.

23.    Thereafter, on December 6, 2013, the complaint filed in Lawsuit 2 was stricken by the Court as a result of the preliminary objections filed by Plaintiffs and NCSLT 2006-1 was granted leave to file an amended complaint within one-hundred twenty (120) days. The arbitration hearing scheduled for January 7, 2014 was continued generally as a result of the complaint being stricken.

24.    On March 3, 2014, NCSLT 2006-1 via NCO and/or Abrahamsen filed an amended complaint verified by its attorney, which provided the following statement, "A client verification has been requested and will be substituted for this attorney verification upon receipt." A true and correct copy of the Verification is attached hereto, incorporated herein and marked as Exhibit "3." No such verification was ever substituted.

25.     Plaintiffs filed preliminary objections to the amended complaint and the Court sustained the objections with leave for NCSLT 2006-1 to file a second amended complaint within thirty (30) days.

26.     NCSLT 2006-1 elected to not file a second amended complaint and on April 22, 2014, Lawsuit 2 was dismissed with prejudice.

## Collection Lawsuit AR-13-004924

27.     On or about October 24, 2013, Defendant NCSLT 2006-1 commenced a civil action against Plaintiffs in an attempt to collect a consumer debt in the amount of $4,217.66 plus costs of suit.  The civil action was filed in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number AR-13-004924 ("Lawsuit 3").

28.     In response to Lawsuit 3, Plaintiffs retained an attorney and filed preliminary objections to the complaint.

29.     Thereafter, on December 6, 2013, the complaint filed in Lawsuit 3 was stricken by the Court as a result of the preliminary objections filed by Plaintiffs and NCSLT 2006-1 was granted leave to file an amended complaint within one-hundred twenty (120) days.  The arbitration hearing scheduled for January 7, 2014 was continued generally as a result of the complaint being stricken.

30.     On March 3, 2014, NCSLT 2006-1 via NCO and/or Abrahamsen filed an amended complaint verified by its attorney, which provided the following statement, "A client verification has been requested and will be substituted for this attorney verification upon receipt."  A true and correct copy of the Verification is attached hereto, incorporated herein and marked as Exhibit "4."  No such verification was ever substituted.

31.    Plaintiffs filed preliminary objections to the amended complaint and the Court sustained the objections with leave for NCSLT 2006-1 to file a second amended complaint within thirty (30) days.

32.    NCSLT 2006-1 elected to not file a second amended complaint and on April 22, 2014, Lawsuit 3 was dismissed with prejudice.

### Collection Lawsuit AR-13-005733

33.    On or about December 11, 2013, Defendant NCSLT 2006-2 commenced a civil action against Plaintiffs in an attempt to collect a consumer debt in the amount of $8,469.23 plus costs of suit. The civil action was filed in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number AR-13-005733 ("Lawsuit 4").

34.    In response to Lawsuit 4, Plaintiffs retained an attorney and filed preliminary objections to the complaint.

35.    Thereafter, on February 7, 2014, the complaint filed in Lawsuit 4 was stricken by the Court as a result of the preliminary objections filed by Plaintiffs and NCSLT 2006-2 was granted leave to file an amended complaint within one-hundred twenty (120) days. The arbitration hearing scheduled for February 10, 2014 was continued generally as a result of the complaint being stricken. A true and correct copy of the Order of Court dated February 7, 2014 is attached hereto, incorporated herein and marked as Exhibit "5."

36.    Despite the complaint being stricken and the arbitration hearing being continued generally by court order, on February 18, 2014, NCSLT 2006-2 via NCO and/or Abrahamsen made the intentional business decision to improperly file a Praecipe to Reinstate Civil Complaint (the "Praecipe to Reinstate 2") in an attempt to collect the debt.

A true and correct copy of the Praecipe to Reinstate 2 is attached hereto, incorporated herein and marked as Exhibit "6."

37.     As a result of the Praecipe to Reinstate, a new arbitration hearing date was improperly set for April 8, 2014.  NCSLT 2006-2 had not filed an amended complaint as of February 7, 2014.

38.     NCSLT 2006-2 elected to not file an amended complaint and on June 10, 2014, Lawsuit 4 was dismissed with prejudice.

### Collection Lawsuit AR-13-006049

39.     On or about December 24, 2013, Defendant NCSLT 2007-1 commenced a civil action against Plaintiffs in an attempt to collect a consumer debt in the amount of $13,474.20 plus costs of suit.  The civil action was filed in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number AR-13-006049 ("Lawsuit 5").

40.     In response to Lawsuit 5, Plaintiffs retained an attorney and filed preliminary objections to the complaint.

41.     Thereafter, on February 7, 2014, the complaint filed in Lawsuit 5 was stricken by the Court as a result of the preliminary objections filed by Plaintiffs and NCSLT 2007-1 was granted leave to file an amended complaint within one-hundred twenty (120) days.  The arbitration hearings scheduled for February 24, 2014 and/or March 3, 2014 were continued generally as a result of the complaint being stricken.

42.     NCSLT 2007-1 elected to not file an amended complaint and on June 10, 2014, Lawsuit 5 was dismissed with prejudice.

## Collection Lawsuit AR-14-000177

43.     On or about January 13, 2014, Defendant NCSLT 2007-4 commenced a civil action against Plaintiffs in an attempt to collect a consumer debt in the amount of $15,504.09 plus costs of suit.  The civil action was filed in the Court of Common Pleas of Allegheny County, Pennsylvania at Case Number AR-14-000177 ("Lawsuit 6").

44.     In response to Lawsuit 6, Plaintiffs retained an attorney and filed preliminary objections to the complaint.

45.     Thereafter, on February 28, 2014, the complaint filed in Lawsuit 6 was stricken by the Court as a result of the preliminary objections filed by Plaintiffs and NCSLT 2007-4 was granted leave to file an amended complaint within one-hundred twenty (120) days.  The arbitration hearing scheduled for March 11, 2014 was continued generally as a result of the complaint being stricken.

46.     On June 26, 2014, NCSLT 2007-4 via NCO and/or Abrahamsen filed an amended complaint verified by its attorney but without a similar statement that was contained within the attorney verifications in Lawsuits 2 and 3.  Additionally, the amended complaint contained an Affidavit and Verification of Account allegedly signed by Iona A. Morton, an employee of NCO and titled as a vendor network representative (the "Affidavit").  A true and correct copy of the Affidavit is attached hereto, incorporated herein and marked as Exhibit "7."

47.     Plaintiffs filed preliminary objections to the amended complaint and the Court sustained the objections and dismissed Lawsuit 6 with prejudice on July 18, 2014.

## Collection Lawsuit 2014-007062

48.     On or about August 13, 2014, Defendant NCSLT 2006-3 commenced a civil action against Plaintiff Maureen J. Dooley f/k/a Maureen J. Grantland ("Plaintiff Dooley") in an attempt to collect a consumer debt in the amount of $12,728.78 plus costs of suit.  The civil action was filed in the Court of Common Pleas of Delaware County, Pennsylvania at Case Number 2014-007062 ("Lawsuit 7").  NCSLT 2006-3 via NCO and/or Abrahamsen made an intentional business decision to file Lawsuit 7 against only Plaintiff Dooley when both Plaintiffs were allegedly parties to the subject promissory note.

49.     In response to Lawsuit 7, Plaintiff Dooley retained an attorney and filed preliminary objections to the complaint.

50.     Thereafter, on December 17, 2014, the complaint filed in Lawsuit 7 was stricken by the Delaware Court as a result of the preliminary objections filed by Plaintiff Dooley and NCSLT 2006-3 was granted leave to file an amended complaint within twenty (20) days.

51.     NCSLT 2006-3 elected to not file an amended complaint within the twenty (20) days nor after receiving the "ten-day" notice as required by the Pennsylvania Rules of Civil Procedure and on January 22, 2015 a judgment of non-pros was entered against NCSLT 2006-3.

52.     All pleadings, documents and/or other records filed in the Lawsuits are incorporated herein.

53.     As a result of the Lawsuits, Plaintiffs had to incur attorney fees and costs to defend against the claims as set forth in the Lawsuits.

54.    Plaintiffs reserve the right to supplement the aforementioned facts to the extent additional facts are revealed through discovery in the above-captioned case.

### Causes of Action

### Count I
### Violations of the FDCPA
### 15 U.S.C. § 1692, *et seq.*

55.    Plaintiffs incorporate by reference the above paragraphs of this Complaint as though fully set forth herein.

**Claim(s) re: Praecipes to Reinstate**

56.    Despite having the knowledge that the complaints were stricken in Lawsuits 1 and 4, Defendants NCSLT 2006-2, NCSLT 2006-3, Wilmington, NCO and Abrahamsen made the intentional business decision to file Praecipes to Reinstate Civil Complaint (the "Praecipes") and have hearings scheduled when such actions were improper. The Praecipes were filed in an attempt to collect delinquent consumer debt(s).

57.    The conduct of the specified Defendants, their agents, servants, representatives, attorneys and/or employees, in filing the Praecipes when Orders of Court had previously dismissed the relevant complaints was harassing, abusive, deceptive, misleading and/or unfair in violation(s) of the FDCPA.

**Claims(s) re: Affidavit**

58.    Defendants NCSLT 2007-4, Wilmington and NCO made the intentional business decision to attach the Affidavit to their amended complaint in Lawsuit 6.

59.    The sworn Affidavit was allegedly signed by Iona A. Morton ("Morton") who claimed to be an employee of NCO with a title as vendor network representative.

60.    The Affidavit of Morton provided, in part, the following:

(a)     I am duly authorized by Plaintiff to make the representations contained in this Affidavit and I am over the age of 18 and competent to testify to the matters stated in this Affidavit.

(b)     I am competent and authorized to testify relating to this action through personal knowledge of the business records, including the electronic data sent to NCO that detail the education loan records.

(c)     This lawsuit arose out of an unpaid loan or loans owed by defendant LINDSAY GRANTLAND and defendant MAUREEN GRANTLAND to Plaintiff.

(d)     I am familiar with the education loan records within my possession as custodian of records related to this matter.

61.     Upon information and belief, Morton was not competent to testify as to the matters set forth in the Affidavit, lacked personal knowledge concerning the contents of the Affidavit and had no intention of testifying at trial.

62.     Upon information and belief, the specified Defendants did not possess a complete record of the relevant promissory note and/or account as of the date the Affidavit was executed by Morton and did not possess documents which could be used as evidence to show, in a court of law, NCSLT 2007-4's unconditional ownership rights to the relevant promissory note and/or account.

63.     Upon information and belief, Morton, prior to signing the Affidavit, did not review any records of the originator of the debt or make any effort to determine if the relevant promissory note was properly transferred and/or assigned to NCSLT 2007-4.

64.     Upon information and belief, the Affidavit was generated by a computer and signed by Morton who did not have sufficient information and/or supporting documentation to make a sworn affidavit.

65.     Upon information and belief, it was the intent of the specified Defendants to mislead Plaintiffs and the Court that they could produce a competent witness and/or evidence when, in reality, they could not produce a competent witness and/or evidence.

66.     Without all necessary records of the originator of the debt available for her review, it was impossible for Morton to truthfully make the Affidavit as to the correctness of the transfer and/or assignment of the relevant promissory note and/or account.

67.     Upon information and belief, Defendants attached similar affidavits as the one mentioned in this action in similarly situated civil actions without possessing adequate records to substantiate or validate the facts sworn to by the affiant(s).

68.     Upon information and belief, the specified Defendants knew their agent and/or employee (the affiant) signing the affidavit did not possess personal knowledge of all of the contents of the affidavit and knew their agent and/or employee (the affiant) did not have sufficient records to make such sworn statements.

69.     As a result of the aforementioned, the Affidavit contained misleading representations and its intentional use by the specified Defendants was in violation(s) of the FDCPA.

**Claim(s) re: Lawsuits Generally**

70.     Defendants collectively filed seven (7) lawsuits against Plaintiffs (the "Lawsuits") with none of the Lawsuits surviving Plaintiffs' initial challenges (i.e., preliminary objections).  Defendants made the intentional business decision to file the Lawsuits in the manner they did and as described herein.

71.     The NCSLTs and Wilmington retained and/or hired NCO and Abrahamsen to file the Lawsuits.  All similarly situated NCSLTs use the same agents (NCO and Abrahamsen) to file thousands of similar collection lawsuits against Pennsylvania consumers in both the Courts of Common Pleas and Magisterial District Courts.

72.     Defendants filed the Lawsuits on the following dates: September 17, 2013; October 24, 2013; October 24, 2013; December 11, 2013; December 24, 2013; January 13, 2014 and August 13, 2014.

73.     Despite the first 6 lawsuits being filed in Allegheny County, Pennsylvania, NCO and Abrahamsen made the intentional business decision to file the 7th lawsuit in Delaware County, Pennsylvania against only Plaintiff Dooley despite the alleged promissory note being signed by both Plaintiffs.

74.     Upon information and belief, Defendants elected to file the Lawsuits when they knew or reasonably should have known they did not possess sufficient evidence and/or competent witnesses to properly prosecute their claims against Plaintiffs.

75.     Upon information and belief, Defendants knew or reasonably should have known they would not be able to obtain sufficient evidence and/or provide competent witnesses to testify in support of their claims as alleged in the complaints.

76.     Upon information and belief, the specified Defendants in Lawsuits 2 and 3 had no intention of properly verifying their complaints rendering the verifications attached to the amended complaints to be misleading.

77.     Upon information and belief, prior to the Lawsuits being filed as well as after the Lawsuits were filed, Defendants made the intentional business decision to not

obtain the evidence necessary to establish that Plaintiffs owed the NCSLTs the alleged debt as set forth in the Lawsuits.

78.     Upon information and belief, it is the Defendants practice and pattern to file similar legal actions without possessing admissible evidence and/or presenting competent witnesses to testify in order to properly prosecute claims against Pennsylvania consumers.

79.     Upon information and belief, Defendants had no intention of properly prosecuting their claims against Plaintiffs.

80.     Upon information and belief, Defendants filed the Lawsuits in the manner as set forth *supra* to harass and/or confuse Plaintiffs when it was reasonable for Defendants to file the Lawsuits together on the same day or in a manner less confusing. Plaintiffs were confused whether the Lawsuits were related to each other or separate claims when filed and served given the close proximity of dates, the parties involved and their limited knowledge of the legal system.

81.     The conduct of the Defendants, their agents, servants, representatives, attorneys and/or employees, in filing the Lawsuits in the manner they did with no intention to prosecute the alleged claims as set forth in the Lawsuits was harassing, abusive, deceptive, misleading and/or unfair in violation(s) of the FDCPA.

82.     As a result of Defendants' violation(s) of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages and reasonable attorneys' fees and costs.

83.     Upon information and belief, at all relevant times herein, Defendants failed to maintain proper procedures reasonably and adequately adapted to avoid filing

praecipes to reinstate complaints when said complaints had been dismissed by court order.

84.    Defendants' actions in attempting to collect the debts in the manner they did were willful, wanton and/or carried out with reckless disregard for the rights of the Plaintiffs and constituted conduct that is highly offensive to a reasonable person.  As a result of Defendants' actions, Plaintiffs suffered incidental, consequential, actual and/or compensatory damages, emotional and mental distress, aggravation, anxiety, annoyance, inconvenience and harm to their reputation.

WHEREFORE, Plaintiffs respectfully demand that this Honorable Court enter a judgment, in excess of the arbitration limits, against Defendants for the following:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Attorneys' fees, litigation expenses and costs of suit;

(d)    Declaratory judgment that the Defendants violated the FDCPA;

(e)    Such other and further relief that this Honorable Court deems just and proper.

### Count II
### Violations of the FCEUA
### 73 P.S. § 2270.1, *et seq.*

85.    Plaintiffs incorporate by reference the above paragraphs of this Complaint as though fully set forth herein.

86.    As a result of Defendants' FDCPA violation(s), they have also violated the FCEUA.  A violation of the FDCPA by a debt collector constitutes an unfair or deceptive debt collection act or practice under the FCEUA.

87.     Defendants' intentional conduct was deceptive, abusive, harassing and/or unfair collection practices in violation of 73 P.S. §§ 2270.4.

88.     As a result of Defendants' willful violation(s) of the FCEUA, Plaintiffs are entitled to actual or statutory damages, treble damages, and reasonable attorneys' fees and costs.

89.     Defendants' actions in attempting to collect the debts in the manner they did were willful, wanton and/or carried out with reckless disregard for the rights of the Plaintiffs and constituted conduct that is highly offensive to a reasonable person.  As a result of Defendants' actions, Plaintiffs suffered incidental, consequential, actual and/or compensatory damages, emotional and mental distress, aggravation, anxiety, annoyance, inconvenience and harm to their reputation.

**WHEREFORE,** Plaintiffs respectfully demand that this Honorable Court enter a judgment, in excess of the arbitration limits, against Defendants for the following:

(a)     Actual damages or statutory damages, whichever is greater;

(b)     Treble damages;

(c)     Reasonable attorneys' fees and costs;

(d)     Declaratory judgment that the Defendants violated the FCEUA;

(e)     Such other and further relief that this Honorable Court deems just and proper.

**Count III**
**Violations of the UTPCPL**
**73 P.S. § 201-1, *et seq.***

90.     Plaintiffs incorporate by reference the above paragraphs of this Complaint as though fully set forth herein.

91.    As a result of Defendants' FCEUA violations, they have also violated the UTPCPL. Any unfair or deceptive debt collection act or practice under the FCEUA by a debt collector or creditor constitutes a violation of the UTPCPL.

92.    As a result of Defendants' willful violation(s) of the UTPCPL, Plaintiffs are entitled to actual or statutory damages, treble damages, and reasonable attorneys' fees and costs.

93.    Defendants' actions in attempting to collect the debts in the manner they did were willful, wanton and/or carried out with reckless disregard for the rights of the Plaintiffs and constituted conduct that is highly offensive to a reasonable person. As a result of Defendants' actions, Plaintiffs suffered incidental, consequential, actual and/or compensatory damages, emotional and mental distress, aggravation, anxiety, annoyance, inconvenience and harm to their reputation.

**WHEREFORE**, Plaintiffs respectfully demand that this Honorable Court enter a judgment, in excess of the arbitration limits, against Defendants for the following:

(a)    Actual damages or statutory damages, whichever is greater;

(b)    Treble damages;

(c)    Reasonable attorneys' fees and costs;

(d)    Declaratory judgment that the Defendants violated the UTPCPL;

(e)    Such other and further relief that this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, Lindsay M. Butela f/k/a Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland, demand a trial by jury if removed or appealed as to all issues so triable.

Respectfully submitted,

**Law Offices of Eugene D. Frank, P.C.**

By: _____

Eugene D. Frank, Esquire
PA ID No. 89862
P.O. Box 845
Pittsburgh, PA 15230
(412) 366-4276 - office
(412) 366-4305 - fax

20150330 00178237 181

## IN THE COURT OF COMMON PLEAS OF
### ALLEGHENY COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| Lindsay M. Butela f/k/a Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland, <br><br> Plaintiffs, <br><br> vs. <br><br> National Collegiate Student Loan Trust 2006-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-2, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-3, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust, Wilmington Trust Company, as Owner Trustee, Edwin A. Abrahamsen & Associates, P.C., and NCO Financial Systems, Inc., <br><br> Defendants. | Case No. GD-14-016255 |

## VERIFICATION

I, Eugene D. Frank, attorney for Plaintiffs, Lindsay M. Butela f/k/a Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland, am fully familiar with the facts set forth in the within Complaint and am authorized to make this Verification on behalf of Plaintiffs. I verify that the averments of fact contained in the foregoing *Complaint* are true and correct to the best of my knowledge and belief based on the information supplied by Plaintiffs, Defendants via the Lawsuits and/or based on Public Records. I understand that these averments of fact are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities. Plaintiffs' verifications will be substituted for this attorney verification upon receipt.

Dated: 2/18/15

_____
Eugene D. Frank

20150330 00178237 182

## IN THE COURT OF COMMON PLEAS OF
## ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

National Collegiate Student Loan
Trust 2006-3
c/o NCO Financial Systems Inc.
7595 Montevideo Rd. - Department 500
Jessup, MD 20794,

                    Plaintiff,

        vs.

Lindsay Grantland
101 Glen Inverness Dr., Apt. D
Glenshaw, PA 15116-2793,

                    Defendant,

Maureen Grantland
160 Shadeland Ave., Apt. 504
Drexel Hill, PA 19026-2025,

                    Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. AR-13-004076

DEPT. ... ...
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA
13 NOV -1  AM 11: 42

FILED

### ORDER OF COURT

On this ___1ST___ day of ___November___, 20_13_, upon

consideration of Defendants' Preliminary Objections To Civil Action Complaint, it is

hereby ORDERED that Plaintiff's Complaint is stricken.  Plaintiff may file an amended

complaint within ___120___ days.  If the Plaintiff fails to file an amended complaint

within the time set forth above, upon praecipe of Defendants, the case will be dismissed

with prejudice.  The arbitration hearing scheduled in this matter is continued generally.

BY THE COURT:

_____

WETTICK, J.

NS 11/05/13

PLAINTIFF'S
EXHIBIT

NATIONAL COLLEGIATE STUDENT          :
LOAN TRUST 2006-3                    :     In the Court of Common Pleas of
c/o NCO Financial Systems Inc.       :     Allegheny County, Pennsylvania
                                     :     Civil Division
7595 MONTEVIDEO RD                   :
JESSUP MD 20794                      :
                        Plaintiff    :
                                     :     NO: AR-13-4076
                                     :
                vs.                  :
LINDSAY GRANTLAND                    :
101 GLEN INVERNESS DR APT D          :
GLENSHAW PA 15116-2793               :     Praecipe to Reinstate Civil Complaint
                        Defendant    :
                and                  :
MAUREEN GRANTLAND                    :
114 LADOMUS CIR                      :
Ridley Park PA 19078                 :
                        Defendant    :
                                     :
_____

To the Prothonotary of Allegheny County Pennsylvania:

Please enter the above Praecipe to Reinstate the Civil Complaint.


Thank you,

Michael F. Ratchford, Esquire
Edwin A. Abrahamsen & Associates, P.C.
Lawyer ID # 86285

MAR - 3 2014

HEARING DATE_____
COURT ROOM 2, 7TH. FLOOR
CITY-COUNTY BUILDING
9:00 A.M.

ALLEGHENY ... PA
CIVIL/FAMILY DIVISION
DEPT. OF COURT RECORDS

2014 JAN 27  AM 10: 08

FILED


PLAINTIFF'S EXHIBIT 2

### VERIFICATION

I, Scott J. Best, attorney for Plaintiff, National Collegiate Student Loan Trust 2006-1, am fully familiar with the facts set forth in the within Amended Complaint and am authorized to make this Verification on behalf of Plaintiff. I am making this Verification as Plaintiff is located outside of this jurisdiction and a Verification could not be obtained in the time required for this filing. I Verify that the facts set forth in the within allegations are true and correct to the best of my knowledge, based on information electronically transmitted and provided to me by Plaintiff, knowing that any false statements are punishable by law pursuant to 18 C.S.A. 4904. A client verification has been requested and will be substituted for this attorney verification upon receipt.

_____

Scott J. Best, Esquire



<u>**VERIFICATION**</u>

I, Scott J. Best, attorney for Plaintiff, National Collegiate Student Loan Trust 2006-1, am fully familiar with the facts set forth in the within Amended Complaint and am authorized to make this Verification on behalf of Plaintiff. I am making this Verification as Plaintiff is located outside of this jurisdiction and a Verification could not be obtained in the time required for this filing. I Verify that the facts set forth in the within allegations are true and correct to the best of my knowledge, based on information electronically transmitted and provided to me by Plaintiff, knowing that any false statements are punishable by law pursuant to 18 C.S.A. 4904. A client verification has been requested and will be substituted for this attorney verification upon receipt.

_____

Scott J. Best, Esquire



IN THE COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

National Collegiate Student Loan   :  Case No. AR-13-005733
Trust 2006-2          :
c/o NCO Financial Systems Inc.   :
5100 Peachtree Industrial Blvd.   :
Norcross, GA 30071,      :
            :
    Plaintiff,     :
            :
 vs.          :
            :
Lindsay Grantland      :
101 Glen Inverness Dr., Apt. D   :
Glenshaw, PA 15116-2793,    :
            :
    Defendant,   :
 and         :
            :
Maureen Grantland      :
160 Shadeland Ave., Apt. 504   :
Drexel Hill, PA 19026-2025,    :
            :
    Defendant.   :

## ORDER OF COURT

On this _7TH_ day of _FEBRUARY_, 20_14_, upon

consideration of Defendants' Preliminary Objections To Complaint and any response

thereto, it is hereby ORDERED that Plaintiff's Complaint is stricken. Plaintiff may file

an amended complaint within _120_ days. If the Plaintiff fails to file an amended

complaint within the time set forth above, upon praecipe of Defendants, the case will be

dismissed with prejudice. The arbitration hearing scheduled in this matter is continued

generally.

BY THE COURT:

_____
WETTICK, J.

PLAINTIFF'S
EXHIBIT
5

NATIONAL COLLEGIATE STUDENT  
LOAN TRUST 2006-2  
c/o NCO Financial Systems Inc.

5100 Peachtree Industrial Blvd  
Norcross, GA 30071

Plaintiff

vs.

LINDSAY GRANTLAND  
101 GLEN INVERNESS DR APT D  
GLENSHAW PA 15116-2793

Defendant

and

MAUREEN GRANTLAND  
114 LADOMUS CIR  
Ridley Park PA 19078

Defendant

:  
:  In the Court of Common Pleas of  
:  Allegheny County, Pennsylvania  
:  Civil Division  
:  
:  
:  
:  NO: <u>AR-13-5733</u>  
:  
:  
:  
:  
:  Praecipe to Reinstate Civil Complaint  
:  
:  
:  
:  
:

---

To the Prothonotary of Allegheny County Pennsylvania:

Please enter the above Praecipe to Reinstate the Civil Complaint.

Thank you,

Michael F. Ratchford, Esquire  
Edwin A. Abrahamsen & Associates, P.C.  
Lawyer ID # 86285

APR 0 8 2014

HEARING DATE:  
COURT ROOM 2, 7TH. FLOOR  
CITY-COUNTY BUILDING  
9:00 A.M.



NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2007-4
A Delaware Statutory Trust(s)        )
                                     )
                                     )
                                     )
Plaintiff                            )        Docket #
                                     )
v.                                   )
                                     )
LINDSAY GRANTLAND                    )
MAUREEN GRANTLAND                    )
                                     )
Defendant(s)                         )


## AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA                     )
                                     )
COUNTY OF  GWINNETT                  )


BEFORE ME, the undersigned authority, personally appeared Affiant _____ **Iona A. Morton** ,

who being first duly sworn, deposes and states:

　　　1.　　I am employed by NCO Financial Systems, Inc. (hereinafter NCO), the

designated Custodian of Records for Plaintiff pertaining to the Defendants' education loan(s)

forming the subject matter of the above-captioned Complaint.   I am duly authorized by Plaintiff

to make the representations contained in this Affidavit and I am over the age of 18 and

competent to testify to the matters stated in this Affidavit.

　　　2.　　I am competent and authorized to testify relating to this action through personal

knowledge of the business records, including the electronic data, sent to NCO that detail the

education loan records.  I also have personal knowledge of the record management practices and



procedures of Plaintiff and the practices and procedures Plaintiff requires of its loan servicers and other agents.

3.      This lawsuit arose out of an unpaid loan or loans owed by defendant LINDSAY GRANTLAND and defendant MAUREEN GRANTLAND to Plaintiff. Specifically Defendants entered into an education loan agreement at Defendants' special instance and request. A loan was extended for Defendants' to use pursuant to the terms of the loan agreements. Defendants have failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.

4.      Education loan account records are compiled and recorded as part of Plaintiff's regularly conducted business activity at or near the time of the event and from information transmitted from a person with knowledge of said event, by or from information transmitted by a person with knowledge of the accounts or events described within the business record. Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

5.      I am familiar with the education loan records within my possession as custodian of records related to this matter. I have been authorized by Plaintiff to make this certification on behalf of Plaintiff for this case.

6.      I have reviewed the education loan records as business records described in this affidavit regarding account number ▉▉▉▉▉▉▉▉▉. No payment has been made since 06/10/2009. After all payments, credits and offsets have been applied, defendant LINDSAY GRANTLAND and defendant MAUREEN GRANTLAND owe the principal sum of $15,504.09, together with accrued interest in the amount of $2,333.77, totaling the sum of $17,837.86 as of 3/31/2014. Attached hereto and incorporated as Exhibit "A" is a true copy of

the underlying Credit Agreement/Promissory Note. In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they agreed their facsimile/electronic signature is deemed to be an original. Under applicable federal and state law, all copies of signatures executed via facsimile or electronic email are considered to be legal, binding agreement.

7.    Based on records maintained by Plaintiff, the Defendants are not minors or incompetent. A reasonable inquiry has been made to determine if the Defendants are in the military service of the United States of America, and to the best of my knowledge, Defendants are not in such military services and are therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

8.    I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT
Print Name:  __Iona A. Morton__
Title:       __Vendor Network Representative__

SWORN AND SUBSCRIBED to before me this __8th__ day of __April__, 20__14__

NOTARY PUBLIC
My Commission Expires on   November 14,2017

JONATHAN BOYD
COMMISSION EXPIRES
NOV
14
2017
GWINNETT CO., GEORGIA
NOTARY PUBLIC

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

### COVER SHEET

| | |
|---|---|
| **Plaintiff(s)**<br><br>Lindsay M. Butela f/k/a Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland | **CIVIL DIVISION**<br><br>Case Number :<br><br>`GD` - `14` - `016255` |
| | **Type of pleading :**<br><br>Praecipe To Substitute Verification |
| | **Code and Classification :** |
| | **Filed on behalf of**<br><br>Lindsay M. Butela and Maureen J. Dooley, Plaintiffs<br><br>(Name of the filing party) |
| **Vs**<br>**Defendant(s)**<br><br>National Collegiate Student Loan Trust 2006-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-2, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-3, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust, Wilmington Trust Company, as Owner Trustee, Edwin A. Abrahamsen & Associates, P.C., and NCO Financial Systems, Inc. | ☑ Counsel of Record<br>☐ Individual, If Pro Se<br><br>**Name, Address and Telephone Number :**<br><br>Eugene D. Frank, Esquire<br>US Steel Tower<br>600 Grant Street, Suite 660<br>Pittsburgh, PA 15219<br>(412) 366-4276 Office<br>(412) 366-4305 Fax |
| | **Attorney's State ID :** 89862 |
| | **Attorney's Firm ID :** |

20150330 00178237 192

## IN THE COURT OF COMMON PLEAS OF
### ALLEGHENY COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| Lindsay M. Butela f/k/a  Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland, <br><br> Plaintiffs, <br><br> vs. <br><br> National Collegiate Student Loan Trust 2006-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-2, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-3, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust, Wilmington Trust Company, as Owner Trustee. Edwin A. Abrahamsen & Associates, P.C., and NCO Financial Systems, Inc., <br><br> Defendants. | Case No. GD-14-016255 |

## PRAECIPE TO SUBSTITUTE VERIFICATION

To the Department of Court Records:

Kindly substitute the verification in the above-captioned case.

Respectfully submitted,

By: _____

Eugene D. Frank, Esquire
PA ID # 89862

P.O. Box 845
Pittsburgh, PA 15230
(412) 366-4276 Office
(412) 366-4305 Fax

Dated: March 13, 2015

## IN THE COURT OF COMMON PLEAS OF
## ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| Lindsay M. Butela f/k/a  Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland, | Case No. GD-14-016255 |
| Plaintiffs, | |
| vs. | |
| National Collegiate Student Loan Trust 2006-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-2, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-3, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust, Wilmington Trust Company, as Owner Trustee, Edwin A. Abrahamsen & Associates, P.C., and NCO Financial Systems, Inc., | |
| Defendants. | |

### VERIFICATION

I, Lindsay M. Butela f/k/a Lindsay M. Grantland, verify that the averments of fact contained in the foregoing *Complaint* are true and correct to the best of my knowledge and belief. I understand that these averments of fact are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

_Lindsay M Bu_
Lindsay M. Butela

Dated: 3/9/15

## IN THE COURT OF COMMON PLEAS OF
## ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| Lindsay M. Butela f/k/a  Lindsay M. Grantland and Maureen J. Dooley f/k/a Maureen J. Grantland, <br><br> Plaintiffs, <br><br> vs. <br><br> National Collegiate Student Loan Trust 2006-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-2, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2006-3, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-1, a Delaware Statutory Trust, National Collegiate Student Loan Trust 2007-4, a Delaware Statutory Trust, Wilmington Trust Company, as Owner Trustee, Edwin A. Abrahamsen & Associates, P.C., and NCO Financial Systems, Inc., <br><br> Defendants. | Case No. GD-14-016255 |

## VERIFICATION

I, Maureen J. Dooley f/k/a Maureen J. Grantland, verify that the averments of fact contained in the foregoing *Complaint* are true and correct to the best of my knowledge and belief. I understand that these averments of fact are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

_Maureen J. Dooley_
Maureen J. Dooley

Dated: 2/21/15